UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM HULIN | CIVIL ACTION |
| VERSUS | NO. 20-924 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court is plaintiff William Hulin's motion to remand this matter to state court.[1] Because removal was timely, the Court denies the motion.

## I. BACKGROUND

This case arises from alleged exposure to asbestos. Plaintiff William Hulin worked at Avondale Industries from 1956 to 1973 as a tacker welder.[2] He alleges that during this work he was exposed to asbestos "on a regular and frequent basis."[3] In July 2019, Hulin was diagnosed with lung cancer.[4]

---

[1] R. Doc. 15.
[2] R. Doc. 1-2 at 4 ¶ 18.
[3] *Id.*
[4] *See id.* at 4 ¶ 17.

Before filing a complaint, plaintiff filed an *ex parte* petition to perpetuate his testimony, which described that this litigation would be premised on plaintiff's exposure to asbestos.[5] Plaintiff was first deposed on October 3, 2019, and the first volume of this deposition, which described Hulin's work at Avondale, was circulated on October 8, 2019.[6]

On November 12, 2019, plaintiff filed a complaint in the Civil District Court for the Parish of Orleans suing, among others, Huntington Ingalls, Inc., the successor corporation to Avondale.[7] Plaintiff alleges that his exposure to asbestos while at Avondale caused his lung cancer.[8] Although plaintiff alleged strict liability claims against various defendants,[9] he expressly disclaimed any strict liability claim against Avondale.[10] Huntington Ingalls was served on December 3, 2019.[11]

On March 17, 2020, Huntington Ingalls, Albert L. Bossier (an Avondale executive), and Lamorak Insurance Company (Avondale's insurer) removed

---

[5]    R. Doc. 15-4.
[6]    R. Doc. 15-8.
[7]    R. Doc. 1-2.
[8]    *See generally id.*
[9]    *See id.* at 6 ¶ 24, 9 ¶ 36.
[10]    *See id.* at 11 ¶ 50 ("As to **Avondale**, its executive officers and insurers, Petitioner does not allege and is not making a claim for strict liability and in fact specifically disclaims any causes of action he may have against these defendants under theories of strict liability.")
[11]    R. Doc. 15-9.

this matter to federal court, under the Federal Officer Removal Statute, 28 U.S.C. § 1442.[12] In their notice of removal, defendants argued that removal was timely because the Fifth Circuit handed down an *en banc* decision, *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020), on February 24, 2020, and that Hulin was removable only once *Latiolais* changed Fifth Circuit law.[13] Plaintiff now moves to remand the matter to state court.

## II. LEGAL STANDARD

The Federal Officer Removal Statute authorizes removal of a suit by the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1). To remove an action under Section 1442(a), a defendant must show:

> (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions.

---

[12] *See id.* at 2 ¶ 2.
[13] *See id.* at 4 ¶¶ 10-11.

3

*Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020). The Federal Officer Removal Statute "must be liberally construed." *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 147 (2007). This right to removal "is absolute for conduct performed under color of federal office, and [the Supreme Court] has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (citing *Willingham v. Morgan*, 393 U.S. 402, 407 (1969)).

### III. DISCUSSION

Plaintiff does not contest that the four requirements of the Federal Officer Removal Statute are met. Rather, plaintiff contests only the timeliness of removal. Generally, a defendant has thirty days from service to remove a matter to federal court. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."). The statute creates an exception when a case "by the initial pleading is not removable," and there "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Huntington Ingalls was served with the state-court complaint on December 3, 2019. It therefore had until January 2, 2020, to remove this matter under 28 U.S.C. § 1446(b)(1). But defendant did not remove the case until March 17, 2020. The Court must therefore determine whether there exists an "order or other paper" that started the removal clock on or after February 15, 2021 (thirty days before defendants removed this matter).

### A. "Order or Other Paper"

Defendants argue that the "order or other paper" that made this case removable is the Fifth Circuit's opinion in *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020). This decision, which reversed established Fifth Circuit precedent based on Congress's 2011 amendment to the Federal Officer Removal Statute, was issued on February 24, 2020—less than thirty days before this case was removed to federal court.

Generally, decisions in unrelated cases do not constitute "orders" and are therefore not grounds for removal under 28 U.S.C. § 1446(b)(3). *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 266 (5th Cir. 2001). But in *Green,* the Fifth Circuit created a narrow exception to this general rule. It

5

held that an order in a separate case may be an "order" under Section 1446(b)(3) when both cases involve (1) the same defendants, (2) similar factual circumstances, and (3) the decision resolves a legal issue that has the effect of making the case removable. *Green*, 274 F.3d at 267-68.

This case falls within the *Green* exception. First, Huntington Ingalls was also a defendant in *Latiolais*. Second, both this case and *Latiolais* involve claims for injury arising from Avondale's use of asbestos at the direction of a federal officer. Third, *Latiolais* resolved the exact legal question at issue here: whether the Federal Officer Removal Statute allows for removal of asbestos-related negligence claims. Indeed, other courts that have considered this issue in the wake of *Latiolais* have come to the same conclusion. *See Melvin H. Francis v. ITG Brands, LLC*, No. 20-997, 2020 WL 2832538, at *3 (E.D. La. June 1, 2020); *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2020 WL 2744583, at *3 (E.D. La. May 27, 2020). The law of the Fifth Circuit therefore makes clear that the *Latiolais* decision is an "order" within the meaning of Section 1446(b)(3).

### B. Timeliness

Plaintiff contends that this case could have been removed before the *Latiolais* decision, and therefore the exception in Section 1446(b)(3) does not apply. Specifically, plaintiff argues that defendants knew that this matter

6

was asbestos-related at least as of the time they were served on December 3, 2019, and that *Latiolais* did not change the law in a way that made this case removable for the first time.

Plaintiff's position is without merit. Plaintiff's claims against the Avondale defendants were specifically tailored to be only negligence claims and not strict liability claims.[14] Before the *Latiolais* decision, the Fifth Circuit repeatedly held that asbestos-related cases that involved only negligence could not be removed under the Federal Officer Removal Statute. *See, e.g., Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172 (5th Cir. 2015). This was because the Fifth Circuit held that the language "for or relating to any act under color or such office" in the Federal Officer Removal Statute imposed a "casual nexus" standard that could not be met by a negligence claim. *Id.* The Fifth Circuit continued to adhere to its "casual nexus" requirement even though Congress had amended the statute in 2011 to broaden the language such that it read "for *or relating to* any act under color of such office." 28 U.S.C. § 1442(a)(1) (emphasis added); *see, e.g., Bartel*, 805 F.3d 169, 172; *Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 400 (5th Cir. 2018);

---

[14] *See* R. Doc. 1-2 at 11 ¶ 50 ("As to **Avondale**, its executive officers and insurers, Petitioner does not allege and is not making a claim for strict liability and in fact specifically disclaims any causes of action he may have against these defendants under theories of strict liability.")

*Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462-63 (5th Cir. 2016); *Zeringue v. Crane Co.*, 846 F.3d 785, 793-94 (5th Cir. 2017). Therefore, before *Latiolais*, the caselaw was clear that claims against defendants that did not allege strict liability could not be removed under the Federal Officer Removal Statute.

But *Bartel* and its progeny were expressly overruled by *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. 2020). In *Latiolais*, the Fifth Circuit, sitting *en banc*, held that the 2011 amendment of the Federal Officer Removal Statute broadened removal to "actions, not just *causally* connected but alternatively *connected* or *associated*, with acts under color of federal office." *Latiolais* at 292. Moreover, it held that such a connection could be found even when strict liability is not alleged against the defendant. *Id*. Therefore, after *Latiolais*, asbestos-related claims that asserted negligence but not strict liability could be removed under the Federal Officer Removal Statute for the first time in this circuit. The claims at issue in this litigation, which are negligence claims against Avondale entities relating to asbestos, are the exact claims that *Latiolais* held for the first time could be removed. Plaintiff's argument to the contrary—that before *Latiolais* the claims present in this case were removable—is flatly contradicted by the law.

8

Plaintiff also argues that defendants should have attempted to remove this case even when the Fifth Circuit's case law was clear that any such attempt would be futile. This argument is similarly without merit. The Fifth Circuit has rejected the idea that such "protective removals" are required to assure a party's rights. *See Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 612 (5th Cir. 2018) (counseling against rules that would create protective removals); *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211-12 (5th Cir. 2002) (same).

Because defendants removed this matter within thirty days of the Fifth Circuit's decision in *Latiolais*, which was an "order" within the meaning of Section 1446(b)(3), removal of this matter to federal court was timely.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to remand.

New Orleans, Louisiana, this __10th__ day of June, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE