UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM HULIN, SR. | CIVIL ACTION |
| VERSUS | NO. 20-924 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "R" (3) |

## ORDER AND REASONS

Defendants, Huntington Ingalls Incorporated, Albert L. Bossier, Jr., and Lamorak Insurance Company (collectively "Avondale"), move under Rule 54(b) for entry of a final judgment on the claims brought by plaintiff, William Hulin, Sr.[1] Certain Underwriters at Lloyd's, London, and London Market Companies (collectively "London Market Insurers") have joined in Avondale's motion.[2] Plaintiff does not oppose the motion. For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of plaintiff William Hulin, Sr.'s exposure to asbestos. Plaintiff alleges that Avondale employed him from September 15,

---

[1] R. Doc. 65.
[2] R. Doc. 66.

1956 to May 24, 1973, and that he was exposed to asbestos during his employment.[3] In July 2019, Hulin was diagnosed with lung cancer.[4] Plaintiff sued numerous defendants, including Avondale, in state court on November 12, 2019.[5] The case was removed to this Court on March 17, 2020.[6]

On June 2, 2020, Avondale moved for summary judgment, arguing that plaintiff's state law negligence claims against it are preempted under the Longshoremen and Harbor Worker's Compensation Act ("LHWCA").[7] The Court granted the motion and dismissed Avondale and the London Market Insurers with prejudice.[8] Avondale, joined by the London Market Insurers,[9] now moves for partial final judgment under Rule 54(b).[10]

## II. DISCUSSION

Federal Rule of Civil Procedure 54(b) permits the Court to enter "final judgment as to one or more, but fewer than all, claims or parties if the court

---

[3]     *Id.* at ¶ 18.
[4]     R. Doc. 1-2 at 4, ¶ 17.
[5]     R. Doc. 1-2.
[6]     R. Doc. 1.
[7]     R. Doc. 39.
[8]     R. Doc. 64.
[9]     R. Doc. 68.
[10]    R. Doc. 65.

expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) (stating that the district court "should" enter a Rule 54(b) judgment provided "there is no just reason for delay") (quoting Fed. R. Civ. P. 54(b)). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *Id.* It is the district court's "duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).

In determining the risk of piecemeal appeals, a relevant factor is "whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Here, the Court dismissed Avondale

3

and the London Market Insurers because the LHWCA preempts plaintiff's state law tort claims.[11]  Besides Avondale and the London Market Insurers, no other party raised the preemption issue.  As such, there is no risk that a subsequent appeal in this case will present the Fifth Circuit with the same legal question.  Accordingly, the Court finds that the risk of piecemeal appeals does not weigh against granting the Rule 54(b) motion.

Further, the Court finds that Avondale may suffer prejudice if the Court does not grant its motion.  Avondale represents that the LHWCA preemption issue has arisen in at least eighteen cases in the Eastern District of Louisiana, in three in the Western District of Louisiana, and may arise in future cases.[12]  Considering the numerous cases in which the preemption issue has arisen, and the likelihood that it will continue to arise in future cases, the Court finds that delaying the potential appeal in this case would prejudice Avondale.  Specifically, the Court notes that Avondale will have to litigate the preemption question repeatedly in the district courts until the Fifth Circuit resolves the issue.  The need to relitigate an issue is a prejudice that can be alleviated by expediting the time in which plaintiff can appeal the Court's

---

[11]  R. Doc. 64 at 19.
[12]  R. Doc. 65-1 at 5 & n.6.

4

decision in this case. The Court finds that this factor weighs in favor of granting Avondale's motion.

Moreover, issuing a partial final judgment will serve the interest of judicial economy by hastening the ultimate resolution of the preemption question. A decision on appeal will assist the numerous courts to which the question is presented. The Court finds that this too weighs in favor of granting Avondale's motion. *Cf. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Westinghouse Elec. Corp.*, 631 F.2d 1094, 1099 (3d Cir. 1980) (affirming the district court's entry of partial final judgment under Rule 54(b) when the district court considered arguments that "the claim involved a novel issue which is likely to recur" and finding that this factor "weigh[s] in favor" of granting certification under Rule 54(b)) (internal quotation marks omitted)).

For these reasons, the Court finds that the risk of piecemeal appeals is outweighed by the risk that delay will prejudice Avondale. The Court thus determines that there is no just reason for the delay. Accordingly, the Court grants plaintiff's motion for a partial final judgment under Rule 54(b).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Avondale's unopposed motion for Rule 54(b) final judgment. Accordingly, the Court directs entry of a final judgment in favor of Avondale and the London Market Insurers.

New Orleans, Louisiana, this __29th__ day of December, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE