UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM HULIN | CIVIL ACTION |
| VERSUS | NO. 20-924 |
| HUNTINGTON INGALLS, INC., ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

Defendant Bayer CropScience moves for summary judgment.[1] Plaintiff William Hulin, Sr. does not oppose the motion. Because there is no genuine dispute as to any material fact, and because defendant is entitled to a judgment as a matter of law, the Court grants defendant's motion.

### I. BACKGROUND

This case arises out of plaintiff William Hulin, Sr.'s asbestos exposure. In three separate depositions, plaintiff testified that he was exposed to asbestos in the course of his employment at Avondale Shipyards.[2] In July 2019, Hulin was diagnosed with lung cancer. On November 12, 2019,

---

[1] R. Doc. 86.
[2] *See generally*, R. Doc. 86-3 (Hulin Deposition Volume I); R. Doc. 86-4 (Hulin Deposition Volume II); R. Doc. 86-5 (Hulin Deposition Volume III).

plaintiff sued a number of defendants, including Bayer Cropscience—successor to AmChem Products, Inc.—in state court.[3] The case was removed to this Court on March 17, 2020.[4] Plaintiff alleges that Bayer was an asbestos manufacturer,[5] and asserts claims against it for negligence and strict liability under Louisiana law.[6]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or

---

3      R. Doc. 1-2.
4      R. Doc. 1.
5      R. Doc. 1-2 at 1.
6      *Id.* at 4-6.

affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

3

pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Federal Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed.

4

*Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Still, if the moving party fails to meet its burden, the Court must deny the motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

### III. DISCUSSION

To succeed on his asbestos claim against Bayer under Louisiana law, plaintiff must show (1) that his exposure to defendant's asbestos products was significant and (2) the exposure caused or was a substantial factor in bringing about his disease. *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 77 So. 3d 360, 372 (La. App. 1 Cir. 2011), *writ denied*, 77 So. 3d 973 (La. 2012); *see also Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088, 1091 (La. 2009) ("[I]n an asbestos case, 'the claimant must show . . . he had significant exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury.'").

Plaintiff has not introduced evidence showing that he was exposed to any of Bayer's asbestos products, let alone that the exposure was "significant." *Rando*, 16 So. 3d at 1088. Defendant submitted an affidavit by Robert E. Sage,[7] who worked at AmChem—Bayer's predecessor—between

---

7    R. Doc. 86-5.

1959 and 1976.[8] Sage attests that AmChem sold non-friable pre-mixed adhesives, sealants, coating, and mastic products.[9] According to Sage, all of AmChem's products were wet—with viscosities similar to latex paint, honey, glue, or paste.[10]

Although plaintiff was deposed three separate times, he never testified that he came into contact with AmChem's products, or even the sort of wet products that AmChem manufactured. Throughout plaintiff's deposition testimony, he exclusively points to "insulation," and smoke or dust arising from it,[11] as the source for his asbestos exposures. When asked to describe the substance at issue, he stated that it "look[ed] like insulation."[12] He also stated that he did not know the brand name or manufacturer's name of any asbestos product used at Avondale.[13] The Court finds that plaintiff has not submitted any evidence to show that plaintiff was exposed to AmChem's products. Plaintiff has failed to create an issue of material fact as to whether his exposure to AmChem's products was "significant." *Id.*

---

[8]     *Id.* at 1, ¶ 1.
[9]     *Id.* at ¶ 3.
[10]    *Id.*
[11]    *See, e.g.*, R. Doc. 86-2 at 24 (Hulin Deposition Volume I at 24:11-18); R. Doc. 86-3 at 19-20 (Hulin Deposition Volume II at 19:18-20:1).
[12]    R. Doc. 86-4 at 35 (Hulin Deposition Volume III at 35:14-16).
[13]    R. Doc. 86-3 at 20 (Hulin Deposition Volume II at 20:8-11).

6

For the same reasons, plaintiff has failed to show causation, *i.e.*, that exposure to AmChem's products was a "substantial factor in bringing about his injury." *Rando*, 16 So. 3d at 1091. Plaintiff offers no evidence or testimony, fact or expert, to show that AmChem's asbestos products were a substantial factor in causing his lung cancer. *Cf. Michel v. Ford Motor Co.*, No. 18-4738, 2019 WL 118007, at *3 (E.D. La. Jan. 7, 2019) ("On the issue of causation, plaintiffs will present expert testimony that exposure to these products was a substantial causative factor in [plaintiff's] mesothelioma."). The Court finds that plaintiff has failed to create an issue of material fact on whether Bayer's asbestos products caused his injury. The Court must grant Bayer's motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's claims against defendant Bayer are DISMISSED.

New Orleans, Louisiana, this ___1st___ day of February, 2021.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE